UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID KURZ and RAYMOND HEINZL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,<br><br>Defendants. | Case No. 07-709-GPM |

## NOTICE OF REMOVAL

### 28 U.S.C. § 1441

Defendants Fidelity Management and Research Company and FMR Co., Inc. (together, the "Fidelity Defendants" or "Defendants"), pursuant to 28 U.S.C. §§ 1441, 1446 and 15 U.S.C. §§ 77p(c), 78aa, 78bb(f)(2), hereby give notice of removal of this case to the United States District Court for the Southern District of Illinois, and state:

### Procedural History

1. On August 20, 2007, Plaintiff David Kurz filed a Class Action Complaint in the United States District Court for the Southern District of Illinois (the "Original Federal Complaint"), styled as *Kurz v. Fidelity Management & Research Co.*, No. 07-592-JPG-PMF, on behalf of a putative class of individuals who were "investors in portfolios" managed by Fidelity at any time between May 1, 2002 and October 31, 2004, but "subsequently liquidated their investments and/or terminated their management agreements" with Fidelity prior to December

-1-

-2-

21, 2006 (the "Class").[1]  The Original Federal Complaint was assigned to the Honorable Judge J. Phil Gilbert.

2. On August 31, 2007, following a review of the jurisdictional allegations contained in the Original Federal Complaint, the Court determined that Plaintiff failed to adequately allege both his own citizenship as well as the citizenship of the Fidelity Defendants and ordered Plaintiff Kurz to amend his pleading to reflect an adequate basis for subject matter jurisdiction. A copy of Judge Gilbert's August 31, 2007 Order is attached to this Notice as Exhibit No. 1.

3. In response to the Court's August 31, 2007 Order, Plaintiff filed an Amended Complaint on September 5, 2007 ("Amended Federal Complaint"), which purported to cure the jurisdictional defects previously identified by the Court by asserting federal subject matter jurisdiction on the basis of 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.). Although the Amended Federal Complaint added cursory allegations pertaining to the citizenship of the parties, it remained substantially identical in all material respects.

4. On September 18, 2007, Judge Gilbert again issued a *sua sponte* Memorandum and Order raising concerns pertaining to whether the Court had subject matter jurisdiction over the action.  Specifically, the Court ordered the parties to show cause why the Amended Federal Complaint should not be dismissed based on the "covered security" exemption of CAFA and, if so, whether the Court nevertheless possessed subject matter jurisdiction pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p(b)-(f) and 15

---

[1] As discussed in greater detail herein, subsequent pleadings make clear that the putative Class consists of former Fidelity mutual fund shareholders.  (Op. Compl. ¶ 24.)

U.S.C. § 78bb(f).  A copy of Judge Gilbert's September 18, 2007 Order is attached to this Notice as Exhibit No. 2.

5.   After the Court issued its September 18, 2007 Order, Plaintiff voluntarily dismissed the Amended Federal Complaint pursuant to FED.R.CIV.P. Rule 41(a)(1)(I), and on September 27, 2007, filed the current complaint in the Circuit Court, St. Clair County, Illinois (the "Operative Complaint" or "Op. Compl.").  As discussed in further detail below, the allegations in the Operative Complaint are virtually identical in all material respects to the allegations in both the Original Federal Complaint and the Amended Federal Complaint.[2]  Fidelity agreed to accept service of the Operative Complaint on October 2, 2007.

### Plaintiffs' Claims

6.   The crux of the Operative Complaint, like the Original and Amended Federal Complaints, is an alleged fraudulent "bribery" scheme whereby Fidelity knowingly engaged in undisclosed, improper conduct to its benefit and the benefit of its employees, and to the detriment of Plaintiffs and putative class members.  (Op. Compl. ¶¶ 16-23.)  More specifically, Plaintiffs allege that certain Fidelity traders improperly directed securities transactions for Fidelity's mutual funds to an unaffiliated broker-dealer, Jeffries & Co., which bestowed improper gifts and gratuities upon select Fidelity traders.  According to the Plaintiffs, this resulted in increased execution costs which were "ultimately borne" by Plaintiffs and other members of the putative Class.  (Op. Compl. ¶¶ 22-23.)  Although fashioned as a "breach of contract" claim, this is quite clearly a securities fraud case and is therefore properly removed pursuant to both SLUSA and 28 U.S.C. § 1331.

---

[2]   Although identical in all material respects, the Operative Complaint purports to add a new putative class representative, Raymond Heinzl, who, like Plaintiff Kurz, is a resident and citizen of Illinois.  (Op. Compl. ¶ 4.)

7. According to Plaintiffs, the standard forms confirming the securities transactions on behalf of Fidelity-managed mutual funds constituted binding contracts between Fidelity and the executing broker-dealer (the alleged "Agreements"). (Op. Compl. ¶¶ 12-14.)  Plaintiffs assert that each of these Agreements incorporates a variety of rules—which have the force of Federal law—promulgated  by the New York Stock Exchange ("NYSE") and National Association of Securities Dealers ("NASD"), which are Self-Regulatory Organizations ("SRO") regulated by the United States Securities and Exchange Commission ("SEC").³  *See* 15 U.S.C. §§ 78o-3, 78s; *see also Sparta Surgical Corp. v. NASD, Inc.*, 159 F.3d 1209, 1211-13 (9th Cir. 1998).  These rules are alleged to include the requirement that Fidelity and the executing broker-dealer achieve best execution when trading underlying securities on behalf of Fidelity-managed portfolios.  Despite the fact that Plaintiffs and other members of the putative Class are alleged to be former shareholders of Fidelity-branded mutual funds and are, therefore, not parties to the applicable agreements, Plaintiffs claim to be third-party beneficiaries to the Agreements and to be entitled to sue for any purported violation of the terms of the Agreements.  (Op. Compl. ¶¶ 13-16, 24.)

8. Although the Operative Complaint fashions the claim as arising out of a breach of contract, the Operative Complaint does not attach any purported contract and does not specifically cite to any contractual provision that was breached.  Rather, the Operative Complaint refers generally to best execution obligations purportedly "incorporated by reference" which allegedly imposed upon Fidelity and broker-dealers the duty to comply with certain rules and/or pronouncements of <u>Federally</u> regulated SROs.

---

³ In addition to those SROs explicitly referenced in the Operative Complaint, securities firms are also heavily regulated by the Financial Industry Regulatory Authority ("FINRA"), which was created in July 2007 through the consolidation of NASD and the member regulation, enforcement and arbitration functions of the NYSE, and is the largest non-governmental regulator for all securities firms doing business in the United States.

### SLUSA Precludes Plaintiffs' Claims

9. SLUSA provides, in pertinent part, that:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> A.  an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> B.  that the Defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) (amending the Securities Act of 1933); *see also* 15 U.S.C. § 78bb(f)(1) (amending the Securities Exchange Act of 1934).

10. SLUSA further provides that "[a]ny covered class action brought in any State court involving a covered security . . . shall be removed to the Federal District Court for the district in which the action is pending. . . ." 15 U.S.C. § 77p(b); 15 U.S.C. § 78bb(f); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002) (finding the removing party must show: (1) the suit is a covered class action, (2) the plaintiffs' claims are based on state law, (3) one or more covered securities has been purchased or sold, and (4) the defendant misrepresented or omitted a material fact in connection with the purchase or sale of such security).

11. This action, as alleged in the Operative Complaint, is a "covered class action" within the meaning of 15 U.S.C. § 77(p)(f)(2)(A) and/or 15 U.S.C. § 78bb(f)(5)(B). (Op. Compl. ¶¶ 27-33.) The underlying securities traded by Fidelity on behalf of the mutual funds are "covered securities" within the meaning of SLUSA, as are the mutual fund shares purchased and sold by

Plaintiffs and other putative class members.  *See* 15 U.S.C. § 77(p)(f)(3); 15 U.S.C. § 78bb(f)(5)(E).[4]

12. Furthermore, although styled as an action for "breach of contract," the Operative Complaint's allegations describe a purported fraudulent scheme, described in Paragraphs 6 through 8 above, which falls squarely within the parameters of 15 U.S.C. § 77p(b) and/or 15 U.S.C. § 78bb(f)(5)(E).  *See, e.g., Felton v. Morgan Stanley Dean Witter & Co.*, 429 F. Supp. 2d 684, 693 (S.D.N.Y. 2006) (dismissing plaintiffs' breach of contract claims as precluded under SLUSA, holding that "I conclude without difficulty that Plaintiffs' claim is a securities fraud wolf dressed up in a breach of contract sheep's clothing"); *Dacey v. Morgan Stanley Dean Witter & Co.*, 263 F. Supp. 2d 706 (S.D.N.Y. 2003) (holding that SLUSA precluded complaint which asserted only one count of breach of contract, where the complaint's operative allegations focused on misrepresentations and other alleged breaches of disclosure duties); *Prager v. Knight-Trimark, Inc.*, 124 F. Supp. 2d 229 (D.N.J. 2000) (plaintiffs' claims alleging breach of contract and fiduciary duty, which essentially allege misrepresentation and omissions, are preempted by SLUSA).

13. Particularly where, as here, Plaintiffs neither quote nor attach the contracts that were supposedly breached, this Court is not bound to accept Plaintiffs' mere assertions that the action arises from a breach of contract.  The gravamen of the Operative Complaint is that the Fidelity

---

[4] Indeed, Plaintiffs concede that the underlying securities traded by Fidelity as well as the "investment portfolios" constitute "securities," as defined under the Securities Act of 1933. (Op. Compl. ¶ 6.) According to Plaintiffs, these "investment portfolios" are comprised solely of unspecified Fidelity mutual funds, which are registered under both the Securities Act of 1933 and the Investment Company Act of 1940. (Op. Compl. ¶ 24.)  However, in the unlikely event that the Court were to determine that the allegations in the Operative Complaint do not meet SLUSA's "covered securities" requirement, the Court would nevertheless have federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as CAFA's "covered security" exemption would then presumably be inapplicable.  *See* 28 U.S.C. § 1332(d)(9); *see also Kurz v. Fidelity Management & Research Co.*, No. 07-592-JPG-PMF, slip op. (S.D. Ill. Sept. 18, 2007).  Nevertheless, it is clear beyond peradventure that this case involves "covered securities" as defined by SLUSA.

Defendants knowingly participated in an undisclosed fraudulent scheme, based on misrepresentations and omissions and/or a deceptive device in connection with the purchase and sale of covered securities. (Op. Compl. ¶ 22.) Moreover, because broker confirmation statements are, in fact, disclosure forms comprehensively regulated under SEC Rule 10b-10, any alleged "breach" of these forms would involve a misrepresentation, nondisclosure, and/or deceptive device sounding in Federal securities fraud rather than common law breach of contract. *See* 17 C.F.R. § 240.10b-10. Based on SLUSA, therefore, this Court has original jurisdiction over this civil action without regard to the amount in controversy or the citizenship of the parties, and is properly removable to the United States District Court for the Southern District of Illinois. 15 U.S.C. § 78bb(f)(2); 15 U.S.C. § 77p(c); 28 U.S.C. §§ 1331, 1441.

### Best Execution Obligations Are Federal In Character

14. In addition to the applicability of SLUSA and its conveyance of subject matter jurisdiction over Plaintiffs' claim, this Court also has original jurisdiction over the Operative Complaint because the regulation of securities transactions, including the content of transaction confirmation forms and the scope of the obligation of "best execution," is of necessity so Federal in character that it arises under Federal law. Plaintiffs themselves assert that the obligation to seek best execution is rooted in rules or pronouncements of federally regulated SROs, the NASD and NYSE (now collectively "FINRA").[5] Specifically, Plaintiffs claim that NASD Rule 2320[6] and an Information Memorandum promulgated by the NYSE expressly because of SEC pronouncements obligated the Fidelity Defendants and the subject broker-dealers to seek best

---

[5] Indeed, Judge Gilbert's September 18, 2007 Order recognizes that the obligation of best execution implicates Federal law. *See Kurz*, No. 07-592-JPG-PMF, slip op. at *2-3 (citing regulatory releases recognizing that investment advisers duty of best execution arises under Federal law).

[6] Like all rules promulgated by the NASD, Rule 2320 and the amendments thereto was approved by the SEC and published in the Federal Register. *See* 71 Fed. Reg. 50,959 (Aug. 28, 2006).

execution, the failure of which constituted a purported breach of the Agreements.  However, whether or not the Fidelity Defendants in fact breached their duty to seek best execution is itself a Federal question, conferring original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and/or 15 U.S.C. § 78aa.  *See, e.g.*, *Sparta Surgical Corp.*, 159 F.3d at 1212-13.

15. Where, as here, the alleged obligation of best execution rests on Federal law and the alleged "contract" is a disclosure form required by Federal law, the claim either arises from Federal law or necessarily depends on the resolution of substantial federal questions, and this Court has Federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1331.  *See Franchise Tax Bd. v. Construction Laborers Vacation Trust for Southern California et al.*, 463 U.S. 1, 27-28 (1983).

16. The instant action is one that should be removed to and adjudicated by this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) because the Illinois Circuit Court in which Plaintiffs commenced this action is within this Court's district and division.

## **Procedural Matters**

17. This Notice of removal is timely because it is filed within thirty (30) days after service of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based" as prescribed by 28 U.S.C. § 1446(b).  A copy of all pleadings filed in the state court are attached with this Notice as Exhibit No. 3.

18. Written notification of the filing of this Notice of Removal is being made upon Plaintiffs, pursuant to 28 U.S.C. § 1446(d).

19. Furthermore, a copy of the Notice of Filing Notice of Removal will be filed with the Clerk of the Circuit Court, County of St. Clair, Stale of Illinois, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants hereby give notice that the above-captioned State Court action has been removed to the United States District Court for the Southern District of Illinois.

Dated:  October 9, 2007

        Respectfully submitted,

        BRYAN CAVE LLP

        By: s/ Rebecca R. Jackson
        Rebecca R. Jackson LEAD COUNSEL
        Bryan Cave LLP
        211 North Broadway, Suite 3600
        St. Louis, Missouri 63102-2750
        Phone: (314) 259-2000
        Fax:  (314) 259-2020
        E-mail:  rrjackson@bryancave.com

*Attorneys for Defendants Fidelity Management & Research Company and FMR Co., Inc.*

*Of Counsel:*

MILBANK TWEED HADLEY & McCLOY LLP
   Sean M. Murphy
   Robert R. Miller
   Andrew W. Robertson
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Steven A. Katz

                                         Respectfully submitted,

                                         /s/ Rebecca R. Jackson
                                         Rebecca R. Jackson
                                         Bryan Cave LLP
                                         One Metropolitan Square
                                         211 North Broadway, Suite 3600
                                         St. Louis, Missouri 63102-2750
                                         Phone:  (314) 259-2000
                                         Fax:  (314) 259-2020
                                         E-mail:  rrjackson@bryancave.com