UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID KURZ and RAYMOND HEINZL, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,<br><br>　　　　Defendants. | Case No. 07-cv-709-JPG |

## MEMORANDUM AND ORDER

This matter is before the Court on the responses of the parties to the Court's Order to Show Cause why this action should not be dismissed. For the following reasons, the Court DISMISSES this action as precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. 105-353, 112 Stat. 3227 (codified at 15 U.S.C. § 77p(b)-(f) and 15 U.S.C. § 78bb(f)).

## BACKGROUND

**I.　　PROCEDURAL POSTURE**

This action is the successor to *Kurz v. Fidelity Management & Research Co.*, Civil No. 07-592-JPG (S.D. Ill. filed Aug. 17, 2007), in which Kurz alleged federal subject matter jurisdiction on the basis of 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). *See Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-cv-592-JPG, 2007 WL 2746612, at *2 (S.D. Ill. Sept. 18, 2007); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-cv-592-JPG, 2007

WL 2746612, at *1 (S.D. Ill. Sept. 18, 2007). Thereafter, the Court ordered Kurz to show cause why this action should not be dismissed for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(9)(A) and (C), the so-called "securities exception" to federal diversity jurisdiction under CAFA. *See Kurz*, 2007 WL 2746612, at **2-4; *see also Davis v. Chase Bank U.S.A., N.A.*, 453 F. Supp. 2d 1205, 1207-08 (C.D. Cal. 2006). The Court further directed Kurz to show cause whether, if federal subject matter jurisdiction did not exist in Case No. 07-592 under CAFA, such jurisdiction nonetheless was proper pursuant to SLUSA. *See Kurz*, 2007 WL 2746612, at *4. Kurz then voluntarily dismissed Case No. 07-592 by notice pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. *See Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2908918 (S.D. Ill. Oct. 4, 2007).

Following the voluntary dismissal of Case No. 07-592, Kurz refiled his claims in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, joining Heinzl as a party plaintiff. The case was timely removed from state court to this Court, with federal subject matter jurisdiction asserted on the basis of 28 U.S.C. § 1331, including SLUSA. After removal, this case was assigned initially to United States District Judge G. Patrick Murphy. However, in conformity with the Court's policy that related cases – in this instance, Case No. 07-592 and this case – should be concentrated before the same judge, *see Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007), the case subsequently was reassigned to the undersigned United States District Judge for all further proceedings.

As the Court's Show Cause Order explained in full, the jurisdiction of the Court is contingent upon SLUSA's preemption of Plaintiffs's state law claim. If SLUSA does not apply, then this case must be remanded to state court. However, because SLUSA precludes a plaintiff

from maintaining a securities fraud class action based on state law, and because the only count in the Complaint is based on state law, if SLUSA does apply, this case must be dismissed.

## II.  FACTS

The Complaint alleges the following facts.  Kurz and Heinzl are former investors in investment portfolios managed by Fidelity and FMR, registered investment advisers or affiliated persons of such advisers.  FMR and Fidelity contracted, via confirmation agreements, with securities brokers who would purchase and sell securities for the investment portfolios managed by Fidelity and FMR.  An implied term of these agreements were the rules of the National Association of Securities Dealers ("NASD") and the New York Stock Exchange ("NYSE").  NASD and NYSE rules require investment advisers to choose securities brokers based on which brokers will obtain the "best execution" for the advisors's customers when executing portfolio transactions for those customers.

This best execution term "required Fidelity and FMR to choose execution brokers on the basis of the most favorable practicable execution costs, taking into consideration the size of each transaction, the number of transactions per year, the market impact of the transaction, brokerage commissions, services provided by the broker, and other considerations."  Kurz and Heinzl allege that they, as Defendants's customers, were the intended third-party beneficiaries of this contractual duty of best execution.

Between 2002 and 2004, Fidelity and FMR retained Jeffries & Co. ("Jeffries") to execute portfolio transactions for their customers in return for lavish gifts, rather than on the basis of best execution.  According to the complaint, as redress for this bribery scheme, the chairman of Fidelity's board of trustees E.C. Johnson, III, agreed to pay $42 million plus interest to Fidelity's

family of mutual funds.

Kurz and Heinzl brought this one-count complaint against Fidelity and FMR alleging that Defendants breached the best execution provisions contained in the confirmation agreements. Plaintiffs seek to represent a class of persons who were clients of Fidelity and FMR from May 1, 2002, until October 31, 2004, and who liquidated their investments and/or terminated their management agreements with the defendants before December 21, 2006, and whose investment portfolios included at least one transaction in which Defendants used Jeffries as the executing broker.

## **ANALYSIS**

Congress passed the Private Securities Litigation Reform Act of 1995 (PSLRA), Pub.L. No. 104-67, 109 Stat. 743 (1995) (codified at 15 U.S.C. §§ 77z-1, 77z-2, 78u-4, 78u-5) to provide procedures to ensure that district courts could quickly and efficiently dismiss meritless or abusive class actions alleging fraud related to the purchase and sale of securities. *Merrill Lynch, Pierce Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 81-2 (2006) *(Dabit II); see also*, H.R. Conf. Rep. No. 104-369 (1995). However, passage of the PLSRA had the unintended consequence of shifting securities class actions from a federal to a state forum. *Dabit II,* 547 U.S. at 82; *see also*, H.R. Conf. Rep. No. 105-803 (1998). In response, Congress passed SLUSA "in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995." *Id.* SLUSA amended the Securities Act of 1933 and the Securities Exchange Act of 1934 to

preclude the maintenance of certain state-law securities class actions. In pertinent part, SLUSA[1] reads:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
>
> * * * *
>
> Any covered class action brought in any State court involving a covered security . . . shall be removable to the Federal district court for the district in which the action is pending[.]

15 U.S.C. § 77p(b), (c).

As the Court noted in its Show Cause Order, SLUSA completely preempts state law in the area of securities class actions that it covers. *Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 787 (7th Cir. 2002). Therefore, if SLUSA precludes the claims in this case, then the Court has original jurisdiction to address this matter and must dismiss those claims. SLUSA only precludes a claim where four conditions are met: (1) the underlying suit is a "covered class action"; (2) the claim is based on state law; (3) the plaintiff alleges "a misrepresentation or omission of material fact," or "a manipulative or deceptive device or contrivance;" and (4) the conduct alleged in (3) is done "in connection with the purchase or sale of a covered security." *See Green v. Ameritrade*, 279 F.3d 590, 596 (8th Cir. 2001); *Potter v. Janus Investment Fund*,

---

[1] The amendments made by SLUSA to the Securities Act of 1933 are identical to the amendments made by SLUSA to the Securities Exchange Act of 1934. For simplicity sake, the Court will cite only to the 1933 act.

483 F.Supp.2d 692, 696 (S.D.Ill. 2007). All four conditions must be met for preemption to apply. However, the Court should read the provisions of SLUSA broadly, in order to ensure that the policy considerations that led to its passage are not undercut. *Dabitt II*, 547 U.S. at 86.

Here, Plaintiffs concede that this is a covered class action, and that this action purports to be based on state law. However, they contend that they have made no allegations of fraud or misrepresentation, and that this is a simple breach of contract action. They also contend that the conduct they allege Defendants have engaged in was not done in connection with the sale or purchase of a covered security.

I.      **FRAUD OR MISREPRESENTATION**

Plaintiffs contend that this is a simple breach of contract action. They point out that their complaint not only scrupulously avoids using the words fraud, misrepresentation, or omission, but it even includes a paragraph specifically disclaiming any such allegations. However, in analyzing SLUSA preclusion, the Court is guided by the substance rather than the form of a claim. *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 395 F.3d 25, 34 (2d Cir. 2005) (*Dabit I*); *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004); *see also, Denton v. H & R Block Fin. Advisors, Inc.*, No. 01 C 4185, 2001 WL 1183292, at *3 (N.D. Ill. Oct. 4, 2001) (in evaluating SLUSA preclusion, the focus is on the substance of the claim and not the plaintiff's characterization of it).

Plaintiffs correctly point out that "a broken promise is not necessarily a misrepresentation because otherwise every breach of contract would constitute a fraud." However, the Court has analyzed the Complaint, and has come to the conclusion that Plaintiffs do not allege a mere "broken promise." The gist of the Complaint is that Fidelity and FMR entered into a series of

6

contracts with Jeffries (the "forms of confirmation agreements") that contained a material provision (the best execution provision) that was supposed to protect Plaintiffs's interests. The best execution provision was material because Plaintiffs allege that they relied upon it in deciding to invest in portfolios managed by Fidelity and FMR.

At the time they entered into the contracts, however, neither Defendants nor Jeffries had any intention of complying with the best execution provision. This is so because, according to Plaintiffs's Complaint, at the time they entered into the Agreement, Defendants and Jeffries both knew that the contract had been awarded to Jeffries based, not on who would deliver the "best execution," but on the bribes given by Jeffries to Fidelity and FMR traders. This is not a simple breach of contract claim, because neither party to the contract ever had any intention of fulfilling that term of the contracts. Rather, Plaintiffs's allegations amount to an allegation that the contracts contained a misrepresentation of a material fact.

Furthermore, Plaintiffs allege that they were "unaware" of the bribery scheme. In other words, Fidelity and FMR had a conflict of interest which they failed to disclose to their clients, including Plaintiffs. The allegations of the Complaint amount to allegations of "untrue statements or omissions of a material fact," no matter that Plaintiffs have gone to pains to disguise it as a breach of contract claim. As such, it will fall under the ambit of SLUSA if the fraud occurred in connection with the purchase or sale of a covered security.

II.     IN CONNECTION WITH SALE OR PURCHASE OF COVERED SECURITY

For purposes of SLUSA, fraud or misrepresentation occurs "in connection with the sale or purchase of a covered security whenever it "coincide[s] with a securities transaction - whether by the plaintiff or by someone else." *Dabit II*, 547 U.S. at 85. District courts must give the

phrase a broad reading in order to further the goal of SLUSA to prevent state securities fraud class actions from frustrating the objectives of the PSLRA. *Id.* Plaintiffs contend that the action they complain of was not conducted "in connection with the purchase or sale of a covered security" because they already owned the Fidelity mutual fund shares at the time of the "breach" of the best execution term.[2] However, the Complaint alleges, "In deciding to invest in portfolios managed by Fidelity and FMR, investors like Plaintiffs and the Plaintiff class rely upon contractual and industry duties designed to protect their interests, including the obligation of 'best execution.'" In other words, Plaintiffs invested in Defendants's mutual funds because they believed Defendants's material misstatements as to how Defendants went about choosing transaction brokers. Therefore, Defendants's misstatements coincide with Plaintiffs's purchase of a covered security, namely the Fidelity and FMR mutual funds.

Additionally, Defendants's material misstatements coincide with Jeffries's purchases and sales of securities in the mutual funds's underlying portfolios. The goal of the alleged bribery scheme was to give Jeffries the opportunity to conduct securities transactions on behalf of Defendants's mutual funds. Plaintiffs allege that they paid commissions and other execution costs for the securities transactions conducted by Jeffries. The purchase and sale of securities was at the heart of the scheme complained of by Plaintiffs, because the transactions were the machinery through which Jeffries collected its commissions. Therefore, the misstatements and the securities transactions coincide, and the misstatements were "in connection with" the purchase or sale of securities.

---

[2] Plaintiffs seem to concede that Fidelity mutual funds are a covered security, a conclusion also reached by the Court. *See*, 15 U.S.C. § 77r(b).

Furthermore, the district court cases cited by the Plaintiffs that seem to hold that SLUSA's "in connection with" requirement is not met when the focus of the complaint is on the choice of a broker rather than on the choice of a particular security, do not persuade the Court. The cited cases were all decided before the Supreme Court's holding in *Dabit II*.  The Court is not convinced that the cases cited by Plaintiffs would be decided the same way post-*Dabit II*.  In fact, in *Shaw v. Charles Schwab & Co., Inc.*, 128 F.Supp.2d 1270 (C.D.Cal 2001), a case relied on by Plaintiffs, the court's conclusion hinged on its refusal to give SLUSA's "in connection with" language the broad reading later dictated by the Supreme Court's holding in *Dabit II*.  *Id*. at 1274.  Therefore, the Court holds that Defendants's alleged misrepresentations occurred "in connection with" the purchase or sale of a covered security.

In sum, Plaintiffs have brought a covered class action, based on state law, alleging a misrepresentation of material fact in connection with the purchase or sale of a covered security. As such, Plaintiffs's claim is precluded by SLUSA and must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** this action as precluded by SLUSA and **DENIES as moot** all pending motions. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: June 10, 2008**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**